**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES NICHOLS,

    Plaintiff,

vs.                                            CASE NO. 3:06-cv-648-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER AND OPINION**

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Supplemental Security Income (SSI) disability payments. Plaintiff has filed a memorandum of law in support of his position (Doc. #14, "P's Brief"). Defendant has filed a memorandum of law in support of his position (Doc. #16, "D's Brief"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference dated June 27, 2007 (Doc. #19). The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision is **AFFIRMED**.

**I. Procedural History**

Plaintiff James K. Nichols filed applications for a period of disability, disability insurance benefits ("DIB") and SSI disability payments on August 22, 2002 alleging disability as of December 31, 1997 (D's Brief at 1). Plaintiff's initial applications were

denied, and after requesting reconsideration, hearings were held before JoAnn L. Anderson, Administrative Law Judge ("ALJ") on May 17, 2005 and August 4, 2005 (Tr. 21-33 & 34-79).  During the August 2005 hearing, Plaintiff amended his date of disability to July 30, 2004 and withdrew his application for disability insurance benefits (P's Brief at 2, Tr. 39-40).  Following the hearing, the ALJ found that Mr. Nichols was not disabled and issued her decision on December 19, 2005 (Tr. at 13-20).  The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision making the denial the final decision of the Commissioner (P's Brief at 2, D's Brief at 2).  Plaintiff then timely filed the complaint with this Court.

## II. Statement of the Facts

Plaintiff Nichols was born on October 14, 1956 and was 48 years old at the time of the administrative hearing (Tr. at 43).  Plaintiff attended school through eleventh grade and received his GED while incarcerated (Tr. at 43).  His work experience includes steel work erection, welding, fabrication, steel coatings and painting (Tr. at 45, 156-161).  In 1996, Plaintiff injured his left eye resulting in a substantial loss of vision in that eye (Tr. at 56-57, P's Brief at 3).  Plaintiff testified that his decreased vision keeps him from reading books or newspapers (Tr. 56-57).

Plaintiff alleges he became disabled as a result of a spot on left lung, shortness of breath, high blood pressure, blindness in his left eye, back problems and a pin in his right knee (Tr. at 143). Although Plaintiff was prescribed methadone for chronic pain and Valium for anxiety in 2003, he testified that he continued to work until July 29, 2004 (Tr. at 49-55).  On July 29, 2004, Plaintiff fell at work injuring his back (Tr. at 50).  The fall also caused pain in his neck, shoulder, knees and ankles (Tr. at 50, 274).  Plaintiff claims that these physical

2

impairments prevent him from returning to any of his previous jobs.

Plaintiff also claims to have mental impairments which prevent him from seeking work outside of his previous experience, these include depression, anxiety, and memory problems (Tr. at 51-53).  At the time of the August 2005 hearing, Plaintiff testified that he had lost four family members, including his mother, in the past six months (Tr. at 48).  Plaintiff claims that as a result of his mental problems he has trouble getting along with others and his ability to deal with people in a work environment is limited (Tr. at 51).  Plaintiff's treating physician has prescribed Valium for Plaintiff's anxiety consistently since 2003 (Tr. at 292-307).  Plaintiff testified at the August 2005 hearing that he was currently taking Xanax for anxiety (Tr. 52).  Plaintiff also testified he had not sought any additional mental health treatment because he is not aware of any available treatment (Tr. at 52).  Plaintiff alleges that his physical impairments prevent him from being able to perform the work he knows and his mental impairments prevent him from performing more sedentary work (Tr. at 55).

### III. Standard of Review

Plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months. 20 C.F.R. § 416.905.[1]  For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits.  *Patterson v. Bowen*,

---

[1] Unless otherwise specified, all references to 20 C.F.R. will be to the 2006 edition.

799 F.2d 1455, 1456, n. 1 (11th Cir. 1986).  The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits.  *See* C.F.R. § 416.920; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  Plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of facts are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so.  While the Court reviews the Commissioner's decision with deference to the factual

findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

## IV. Issues and Analysis

### a.   Plaintiff's asserted severe mental impairment

The first issue presented is whether the ALJ incorrectly determined that Plaintiff did not suffer from a severe mental impairment. The ALJ found that Plaintiff does not have any severe mental impairments (Tr. at 16) and does not have any mental limitations (Tr. at 18).

At Step 2 of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. By definition, this inquiry is a "threshold" inquiry. "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). In this circuit, an impairment is not severe if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. A claimant need show only that his impairment is not so slight and its effect not so minimal. *McDaniel v. Bowen*, 800 F. 1026, 1031 (11th Cir. 1986).

Further, when evaluating a claim of disability based on a mental impairment, the Commissioner is required to follow a special procedure set out at 20 C.F.R. § 416.920a.

*See Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005).  Section 416.920a (b)(2) mandates that the Commissioner rate the degree of functional limitation resulting from the impairments in accordance with paragraph (c) of that section and must record the findings as set out in paragraph (e) of that section.  Sub-paragraph (c)(4) requires the degree of limitation in the functional areas of daily living; social functioning; and concentration, persistence, or pace will be rated using a five-point scale of: "None, mild, moderate, marked, and extreme" and the degree of limitation in the fourth functional area (episodes of decompensation), be rated using the four-point scale of: "None, one or two, three, four or more."  Section 416.920a (e)(2) provides in pertinent part that "[a]t the administrative law judge hearing . . . the decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section."

In the instant matter, although Plaintiff suffers from "anxiety and situational depression" for which he "has not received treatment from a mental health provider," the ALJ found that Plaintiff "does not have any mental limitations" (Tr. at 16, 18).  The ALJ applied the Psychiatric Review Technique and found that "the claimant's mental impairments cause no restriction on his activities of daily living; no difficulty in maintaining social functioning; and mild difficulties in maintaining concentration, persistence or pace." (Tr. at 16).  The ALJ further found that Plaintiff "has never experienced an episode of decompensation of extended duration and he does not have a mental impairment that satisfies the "C" criteria of the mental listings." (Tr. at 16, 226-239).  It was also noted that "the claimant had a number of recent deaths in his family which may have contributed to both his anxiety and depression." (Tr. at 16, 48).

The ALJ's finding as to Plaintiff's lack of a severe mental impairment is supported

by the clinical evaluation of Dr. Louis Legum, who found that Plaintiff's depression was caused as much by his prior substance abuse as by "psychological happenstances in his life." (Tr. at 17, 222).  Dr. Legum further found that "none of [Plaintiff's] symptoms are at a level of severity to note any long term problem." (Tr. at 222).  One of Plaintiff's treating physicians, Dr. Nathan Perry, diagnosed Plaintiff with anxiety and prescribed Valium (Tr. at 285-299; P's Brief at 3).  A consulting physician, Dr. Patricia Boger, noted that Plaintiff's mental impairments were "not severe" (Tr. at 236, 238).  Plaintiff did not put forth any evidence to establish how his asserted mental impairments limited his ability to work.  It is Plaintiff's burden prove he is disabled and produce evidence in support of his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  There is, however, substantial evidence in the record to support the ALJ's determination that Plaintiff's mental impairments were not severe.

The ALJ made a specific finding as to all four functional areas required by 20 C.F.R. § 416.920a, and determined that Plaintiff has no mental limitations.  Since this finding is in concert with the applicable statutes, and supported by substantial evidence in the record, the ALJ did not err in finding that Plaintiff does not have a severe mental impairment.

**b.    Plaintiff's residual functional capacity for a full range of light work**

The second issue presented is whether the ALJ erred in finding that Plaintiff had a residual functional capacity ("RFC") to perform a full range of light work.  The ALJ found that Plaintiff can lift and carry twenty pounds occasionally, ten pounds frequently, and can either sit or stand/walk for six hours in an eight hour work day, thereby qualifying Plaintiff for light work (Tr. at 18-19).  The ALJ further determined Plaintiff did not have any non-exertional limitations (Tr. 18).

At the fourth step of the Commissioner's analysis, the ALJ must determine the claimant's RFC, which is the most an individual can do despite his or her limitations. 20 C.F.R. § 416.945(a).  The ALJ is required to consider all of the claimant's impairments, including those which are not "severe," to determine the claimant's RFC.  20 C.F.R. § 416.945(a)(2).  Section 416.967(b) defines "light work" as "lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to ten pounds...requires a good deal of walking or standing, or when [the work] involves sitting most of the time with some pushing and pulling . . ."  An individual with "the ability to do substantially all of these activities" is considered capable of performing a full range of light work. 20 C.F.R. § 416.967(b).

The ALJ gave "significant weight" to the RFC assessment completed by Dr. Reuben Brigety, a reviewing physician, on September 23, 2003 (Tr. at 17, 240-247).  Dr. Brigety determined that Plaintiff can lift twenty pounds occasionally; lift ten pounds frequently; can stand or walk for about six hours in an eight hour work day; and his ability to push or pull is unlimited (Tr. at 241).[2]  Dr. Brigety also found that Plaintiff's near and far acuity, and depth perception were limited in his left eye (Tr. at 243).  Plaintiff argues that in making the RFC determination, the ALJ failed to adequately address the visual limitations Plaintiff claims to have (P's Brief at 15).  However, the ALJ's finding that Plaintiff "has successfully adapted to his visual loss" is clearly supported by substantial evidence.  The ALJ properly noted, "Despite the claimant's left eye injury in 1996, he has worked in a high risk job until

---

[2] An earlier RFC assessment found that Plaintiff was capable of lifting fifty pounds occasionally, twenty-five pounds frequently, could sit/stand/walk for six hours in an eight hour day, and had unlimited ability to push or pull (Tr. at 212).

2004 . . . ." (Tr. 16).  Plaintiff's continued work in the same areas as his past relevant work, clearly demonstrates Plaintiff adapted to his asserted visual impairment. Further, while the record reflects that Plaintiff injured his left eye in 1996, the record also contains Plaintiff's eye exam in December 2000 where Plaintiff's ophthalmologist found 20/20 in Plaintiff's right eye, 20/60 in Plaintiff's left eye with best correction (20/200 uncorrected) and overall 20/20 vision for both eyes (Tr. 196-200).  There is no record of any further deterioration of Plaintiff's vision.

The ALJ also considered Plaintiff's chronic pain and concluded that "other evidence simply does not establish that the pain is as disabling as [Plaintiff] alleges." (Tr. at 17).  The ALJ relied on the December 21, 2004 evaluation of Dr. Howard Hogshead, one of Plaintiff's treating physicians at the Jacksonville Orthopaedic Institute, who noted he believed that "there was a large amount of symptom magnification going on" and found Plaintiff had been non-compliant with his physical therapy treatments (Tr. at 17, 265).  Dr. Perry, another of Plaintiff's treating physicians, also noted at various times that the medications Plaintiff was taking for pain were helping him and Plaintiff was generally okay (*see, e.g.*, Tr. at  287, 289-90, 297, 300-04).

There is substantial evidence in the record to support the ALJ's determination that Plaintiff is capable of performing a full range of light work.  Furthermore, there was no error on this issue because the ALJ considered all of Plaintiff's impairments, including his visual impairments and chronic pain, in making the RFC determination.

   **c.**  **The weight afforded the opinion of a treating physician**

The final issue presented is whether the ALJ erred when she gave "little weight" to the opinion of Dr. Nathan Perry, one of Plaintiff's treating physicians (P's Brief at 1).  Dr.

Perry completed a questionnaire in June 2005 wherein he stated that Plaintiff could walk one city block without resting, could continuously sit for twenty (20) minutes at a time and continuously stand for ten (10) minutes at a time (Tr. 282). Dr. Perry further indicated Plaintiff needed to shift positions at will and would need to walk around approximately five minutes every twenty (20) minutes and could occasionally lift and carry ten pounds and less, but never carry twenty (20) pounds or more (Tr. 282-83). The ALJ stated that she gave "little weight" to Dr. Perry's opinion of Plaintiff because his assessment "was not supported by the other objective medical evidence which shows that the claimant has been treated conservatively." (Tr. at 17). The ALJ goes on to point out the inconsistency between Dr. Perry's opinion and the opinions of Dr. Hogshead and Dr. Legume, as well as the RFC assessment by the state agency physician (Tr. 17).

The case law and the regulations require the ALJ to give substantial weight to the opinion, diagnosis and medical evidence of a treating physician, unless there is good cause to do otherwise. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580,583 (11th Cir. 1991); 20 C.F.R. § 416.927(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 416.927(d)(2). The United States Court of Appeals for the Eleventh Circuit has concluded "good cause" exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004). When the

ALJ disregards the opinion of a treating physician, the reasons for doing so must be clearly articulated. *Id.* The Eleventh Circuit has found no error where review precludes re-weighing the evidence and the ALJ articulates specific reasons for failing to give a treating physician's opinion controlling weight. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

The ALJ gave "little weight" to the June 2005 opinion of Dr. Nathan Perry because she found that "Dr. Perry's assessment was not supported by the other objective medical evidence." (Tr. at 17). The ALJ noted inconsistencies within Dr. Perry's records and between the opinions of Dr. Perry and another physician, Dr. Howard Hogshead (Tr. at 17). Dr. Perry's records indicate that, despite being treated for chronic pain and anxiety with methadone and Valium, Plaintiff continued to work as a welder supervisor until a subsequent injury prevented him from doing so (Tr. at 17, 49). Dr. Hogshead noted that Plaintiff was "non-compliant" and that "there was a large element of symptom magnification going on." (Tr. at 17, 265). As mentioned above, the ALJ also gave "significant weight" to Dr. Brigety's Physical RFC Assessment of Plaintiff (Tr. at 17, 240-247). Dr. Brigety found that the severity of Plaintiff's symptoms was not consistent with the medical evidence (Tr. at 245).

The opinion of Dr. Perry was not bolstered by the other medical records, which is substantial evidence that the ALJ had good cause for not giving Dr. Perry's opinion controlling weight. Thus, it was not error for the ALJ to give greater weight to the opinions of other physicians who evaluated Plaintiff.

## V. Conclusion

For the reasons stated herein, the decision of the Commissioner is

11

**AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.  Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 12th  day of September, 2007.

Copies to all counsel of record
 and *pro se* parties, if any

**THOMAS E. MORRIS**
United States Magistrate Judge

12